
FILED
JUL 0 1 2010

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PETER POULOS, | * | CIV 09-4062-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | REGARDING PLAINTIFF'S |
| SUMMIT HOTEL PROPERTIES, LLC, | * | SECOND MOTION TO COMPEL |
| SUMMIT GROUP, INC., AND TRENT | * | AND FOR ORDER AWARDING |
| PETERSON, | * | ATTORNEYS' FEES |
| | * | |
| Defendants. | * | |

Plaintiff filed a Second Motion to Compel and for Order Awarding Attorneys' Fees (Doc. 48), along with an Affidavit of Counsel and Certification of Good Faith (Doc. 50) in compliance with Federal Rule of Civil Procedure 37(a) and D.S.D. Civ. LR 37.1. Plaintiff moves for an order compelling Defendants to respond to Plaintiff's Requests for Production Numbers 21 and 29. Plaintiff also moves for an order under Rule 37(a)(5) awarding Plaintiff's attorneys' fees for Defendants' failure to properly and timely respond to discovery and necessitating the filing of this motion. For the reasons explained below, the Court now grants Plaintiff's Second Motion to Compel and for Order Awarding Attorneys' Fees.

## I. FACTS

Plaintiff Peter Poulos is a former employee of Defendants Summit Hotel Properties, LLC and Summit Group, Inc. (collectively "Summit"), both of which are South Dakota entities.[1]

---

[1] The third remaining Defendant is Trent Peterson, a resident of South Dakota and a Director of Summit. All Defendants are collectively referred to as "Summit."

Summit owns and manages franchised hotels. One of these hotels, Hyatt Place in Atlanta, Georgia, employed Poulos as General Manager. Poulos alleges that Summit terminated him on November 13, 2008 in retaliation for reporting fraud committed by his direct supervisor, Stephanie Romic, who reported to an official at Summit's South Dakota headquarters. Summit contends that Poulos voluntarily resigned his employment after being informed that he was a poor performer and was going to be terminated. (Doc. 29, at 6).

Poulos served discovery on Summit regarding the allegation that Poulos was a poor performer. Two of those requests for production are at issue, which stated:

> 21. Produce all documents that expressly mention Plaintiff (by name or job title) that were sent or received by any of the following individuals since January 1, 2008: Stephanie Romic, Janis Moeller, Trent Peterson, Kerry Boekelheide, Craig Aniszewski, Lori Richards, Amy Schlagel, JoLynn Sorum, and/or Thomas J. Conley.
> 29. Produce all job evaluations for General Managers at Summit during 2008.

Pl.'s. Requests for Production of Documents (Doc. 49-1).

The parties in their motion papers addressed Request No. 29 first and Request No. 21 second, so this Court will do the same. Poulos argues that Request No. 29 inquires into whether Poulos' performance was, in fact, inferior relative to other General Managers at Summit who were not disciplined or terminated, and whether Summit's claim of Poulos' poor performance was false or pretextual. Summit objected, asserting that Request No. 29 is beyond the scope of discovery, overly broad, unduly burdensome, and vague; requests confidential information concerning non-parties and may raise issues of employee privacy; does not request relevant information; and is not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 49-1, at 27).

Poulos subsequently agreed on several occasions to narrow Request No. 29 to seek only job evaluations of General Managers who reported to, or were evaluated by, the same supervisors

as Poulos, i.e. Stephanie Romic and Janis Moeller. (Doc. 49-2, at 5). This limited the information sought to job evaluations of six general managers - three conducted by Romic and three by Moeller. (Doc. 52, at 3). In addition, Poulos noted that any sensitive personal information contained in the performance evaluations could be treated as confidential under a stipulated protective order or confidentiality agreement between the parties. (Doc. 49-4). Summit stood on its objections on the grounds that only Hyatt hotels used a quality assurance review identical to the one under which Poulos was evaluated, there were no other Hyatt hotels supervised by Romic or Moeller using an identical evaluation system, and that the other hotels supervised by Romic and Moeller were in different cities, targeted different markets, had different review standards and procedures, and evaluated different performance categories than the Hyatt reviews. (Doc. 49-3, at 3).

Request No. 21, according to Poulos, was designed to uncover communications that would evidence whether Poulos was, in fact, disciplined for unsatisfactory performance, or instead in unlawful retaliation for his report of Romic's alleged fraud. Summit initially submitted the following objection to this Request:

> This request is objected to for the reasons and upon the grounds that it is beyond the permissible scope of discovery as provided by Fed. R. Civ. P. 26(b)(1), is overly broad and unduly burdensome and vague, and is not reasonably calculated to lead to the discovery of admissible evidence. As defendants retained Conley to provide legal advice, any requested documents pertaining to him are protected by the work product doctrine and the attorney client privilege and seek to discover the mental impressions, conclusions, opinions, and legal theories of counsel. Without waiving this objection, a search regarding this request is currently being conducted, and at this point defendants are unable to respond. Discovery is ongoing. See defendants' initial disclosures. Also see plaintiff's initial disclosure documents. See defendants' separate motion to strike and for protective order being filed contemporaneously with these responses.

(Doc. 49-1, at 22-23).

Poulos later offered to narrow Request No. 21 to cover only communications between

-3-

the key actors in the case that referenced Poulos during the nine-week period between his report of unlawful conduct on September 12, 2008 and his alleged termination on November 13, 2008. (Doc. 49-3, at 3; Doc. 49-4, at 3).

Counsel for the parties discussed the discovery dispute in a March 18, 2010 teleconference. (Doc. 50). Summit declined to produce documents responsive to the narrowed Request No. 21, reiterating the objection that "[i]t is overly broad to request any and all documents which refer to or were exchanged with the plaintiff." (Doc. 49-5, at 1). Poulos then filed the present motion on March 29, 2010 (Doc. 49).

On May 26, 2010, Summit filed a "Supplemental Submission with Regard to Plaintiff's Second Motion to Compel." (Doc. 67). In this submission, Summit advised that it has now produced documents requested in Request No. 21 that "were sent or received by certain Summit employees that referred to Poulos by name or job title during the time period September 12, 2008, through November 13, 2008." Id.

## II. DISCUSSION

### A. Motion to Compel

"The rules for depositions and discovery 'are to be accorded a broad and liberal treatment.'" Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428 (8th Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The Court may issue an order compelling discovery upon a party's motion under Rule 37. Under Rule 37 and D.S.D. Civ. LR 37.1, Poulos certified that he contacted Summit prior to filing the instant motion to compel and attempted in good faith to resolve the parties' discovery disputes. Summit does not dispute this. Thus, this Court finds that the requirements of Rule 37 and Local Rule 37.1 have been met with respect to the good faith effort to resolve the dispute prior to the filing of the motion.

### 1. Request No. 29

In a wrongful termination case such as the present one, courts recognize that plaintiffs are entitled to discovery regarding the performance of other employees who may be similarly situated. See, e.g., Paquin v. Fannie Mae, 119 F.3d 23, 28 (D.C. Cir. 1997) (reversing and remanding district court's refusal to order discovery of personnel evaluations and related documents of comparable employees when such evaluations "are precisely the type of evidence that might enable [plaintiff] to make his case" that proffered reason for termination was a pretext for discrimination); Geiger v. Pfizer, Inc., 2008 WL 2388112, No. 2:06-cv-0636 at *2-3 (S.D. Ohio June 6, 2008) (noting that information about similar employees within plaintiff's region for a six-year period suffices to allow plaintiff to make her case); Paul v. Lyon, 249 F.R.D. 643, 651 (D. Idaho 2008) (finding plaintiff entitled to discovery of similarly situated individuals outside plaintiff's protected class in order to prove gender and racial discrimination claims); Nuckles v. Wal-Mart Stores, Inc., 2007 U.S. Dist. LEXIS 34339, No. 4:06CV00178, at *2 (E.D.

Ark. 2007) (noting that "[a] party may discover personnel files of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses." Lyoch v. Anheuser-Busch Cos., 164 F.R.D. 62, 65-66 (E.D. Mo. 1995) (permitting discovery regarding the "hiring and promoting of similarly situated employees" because "comparative information is necessary to afford plaintiff a fair opportunity to develop her case and may be relevant to establish the pretextual nature of defendant's conduct."); see also In re Mot. to Unseal Elec. Surveillance Evid., 965 F.2d 637, 641 (8th Cir. 1992) (noting that the discovery rules "allow intrusions into the private affairs of parties to litigation as well as third parties" for reasons including discovery of personnel files). On the other hand, courts also have recognized that employee evaluations and materials contained in personnel files of non-party employees should be limited. See e.g., George v. Indus. Maint. Corp., 305 F. Supp. 2d 537, 541 (D.V.I. 2002) (noting that "[a]lthough personnel files may be discoverable, they contain confidential information and discovery of them should be limited."); Cason v. Builders Firstsource-Southeast Group, Inc., 159 F. Supp. 2d 242, 247 (W.D.N.C. 2001) ("there is a strong public policy against the public disclosure of personnel files."). However, "the Plaintiff's right to conduct meaningful discovery outweighs the public policy against the general disclosure of personnel files," and "where the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims . . . personnel files are subject to discovery." Cason, 159 F. Sup. 2d at 247-48 (granting Plaintiff's Motion to Compel personnel files); see also Nuckles, 2007 U.S. Dist. LEXIS, at *2. "[D]iscovery of personnel files is permitted when there is a protective order or confidentiality order in place." Nuckles, 2007 U.S. Dist. LEXIS, at *3.

Summit argues that the performance reviews sought by Poulos should not be compelled

because there are no employees similarly situated to Poulos, and the information sought is private. Under Poulos' narrowed discovery request, he seeks the 2008 evaluations of all general managers supervised by Romic and Moeller. According to Summit, "none of the other general managers worked at the same hotel as Poulos, or even a Hyatt Place brand hotel." (Doc. 52, at 7). Summit also contends that the duties and expectations of a hotel general manager differ from brand-to-brand, with expensive brands imposing more stringent requirements and offering different services.

Summit further opposes discovery of evaluations conducted by Moeller. Although Moeller began serving as Poulos' supervisor in September 2008, she did not perform an evaluation of Poulos before his employment ended in November 2008. Only Romic conducted a formal, written evaluation of Poulos' performance as a general manager.

The Court finds that the narrowed version of Poulos' Request No. 29 seeks discoverable information. Poulos has alleged that Summit terminated him in retaliation for reporting fraud, and Summit argues that Poulos was a poor performer. Request No. 29, under the circumstances, is necessary to afford Poulos an opportunity to develop his case, especially any argument that any legitimate, non-retaliatory reason for termination of employment was pretextual. If Summit did terminate Poulos and the proffered reason of deficient performance was a pretext for discrimination, then "comparable evaluations of other executives at his level are precisely the type of evidence that might enable [Poulos] to make his case." Paquin, 119 F.3d at 29 (citing McDonnell Douglas v. Green, 411 U.S. 792, 804 (1973)). In order to respond fully to Defendants' Motion for Summary Judgment (Doc. 60), Poulos may need the documents sought in Request No. 29. For example, were the evaluations to reveal that other executives received

written evaluations less favorable than those of Poulos but were nonetheless retained, this would tend to discredit Summit's explanation that Poulos was terminated for a legitimate, non-discriminatory reason.

The Court finds unpersuasive Summit's contention that the narrowed Request No. 29 does not seek discovery regarding employees similarly situated to Poulos. Poulos held the same position and reported to the same direct supervisors - who in turn both reported to Summit's South Dakota headquarters - as the six employees whose job evaluations Poulos seeks. These six general managers are similarly situated to Poulos. Although any distinctions between Hyatt Place and other Summit-owned hotels - and between the job evaluation criteria at these hotels - might reduce the probative value of the evaluations sought by Poulos, the evaluations are nevertheless reasonably calculated to lead to the discovery of admissible evidence and thus discoverable.[2]

Poulos' request is appropriately circumscribed to minimize the disclosure of confidential information. In Paquin, the D.C. Circuit limited discovery of personnel evaluations to the relevant three-year period. 119 F.3d at 28-29 & n.5 Here, Poulos requests discovery of personnel evaluations from the single year, 2008, in which his employment ceased. Poulos also limited his request to personnel files of similarly situated employees - other general managers of Summit's hotels supervised by the same individuals during the applicable period - and has offered to enter into a stipulated protective order with Summit. (Doc. 49, at 7). The Court

---

[2]Defendants are certainly free, after providing the discovery, to argue that the employees in question work under different circumstances and thus for some reason are not expected to meet the same performance expectations as the Plaintiff. See, e.g., Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 221 (5th Cir. 2001). However, such arguments address the weight of the evidence, not its discoverability.

acknowledges Summit's confidentiality concerns and finds under the circumstances that they can best be remedied by requiring that all documents produced in response to Request No. 29 be held confidential by counsel. The relevance of the information sought in Request No. 29 to Poulos' claim outweighs the burden to Summit of producing the information, especially when the information will be produced in a manner accommodating Summit's legitimate confidentiality concerns. Poulos lacks any less intrusive means for obtaining this discoverable information.

### 2. Request No. 21

Because Summit has now produced documents in response to Request No. 21 consistent with Poulos' narrowed request for communications between the key actors in the case referencing Poulos by name or job title during the time period September 12, 2008 and November 13, 2008, this portion of Plaintiff's Second Motion to Compel is moot. In addition, the sweep of the documents produced appears consistent with the appropriate scope of discovery concerning the subject matter sought in Request No. 21.

### B. Motion for Attorneys' Fees

Under Rule 37(a)(5), Summit must pay Poulos' reasonable expenses incurred in making its Second Motion to Compel, including attorney's fees.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Second Motion to Compel and for Order Awarding Attorneys' Fees (Doc. 48) is granted in part and denied in part. The motion is granted with respect to Plaintiff's Request for Production No. 29 insofar as it requests job evaluations of general

managers who reported to, or were evaluated by, Stephanie Romic or Janis Moeller. The motion is denied insofar as it requests discovery in response to Request for Production No. 21 beyond what Defendants produced following the making of the motion to compel. It is further

ORDERED that within fourteen (14) days of this Opinion and Order, the parties shall enter into a mutually agreeable stipulation and joint motion for protective order (or notify the court of the inability to agree to such a stipulated protective order and the proposal that each has for such an order), and Defendants will produce, subject thereto, all job evaluations from 2008 of General Managers who reported to Stephanie Romic and/or Janis Moeller.

Dated this 1st of July, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE