
FILED
JUL 0 1 2010

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PETER POULOS, | * | CIV 09-4062-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING DEFENDANTS' |
| SUMMIT HOTEL PROPERTIES, LLC, | * | MOTION TO COMPEL |
| SUMMIT GROUP, INC., AND TRENT PETERSON, | * | |
| Defendants. | * | |

Defendants filed a Motion to Compel (Doc. 57) Plaintiff to respond to Interrogatories 2, 3, 5, 6, and 7 and Request for Production of Documents 1 and 2 from Defendants' Interrogatories and Request for Production of Documents to Plaintiff (Second Set). Defendants also filed an affidavit of counsel (Doc. 59), certifying good faith efforts, in compliance with Federal Rule of Civil Procedure 37(a) and D.S.D. Civ. LR 37.1, to resolve this discovery dispute. For the reasons explained below, the Court now denies Defendants' Motion to Compel.

## I. FACTS

Plaintiff Peter Poulos is a former employee of Defendants Summit Hotel Properties, LLC and Summit Group, Inc., both of which are South Dakota entities.[1] Summit owns and manages franchised hotels. One of these hotels, Hyatt Place in Atlanta, Georgia, employed Poulos as General Manager. Poulos alleges that Summit terminated him on November 13, 2008 in

---

[1] The third remaining Defendant is Trent Peterson, a resident of South Dakota and a Director of Summit. All Defendants are collectively referred to as "Summit."

retaliation for reporting fraud committed by his direct supervisor, Stephanie Romic, who allegedly committed fraud by using money from an overpayment by a Hyatt Place customer, Delta Airlines ("Delta"), to pay overdue account receivables of other Hyatt Place customers. Summit contends that Poulos voluntarily resigned his employment after being informed that he was a poor performer and was going to be terminated. (Doc. 29, at 6).

Summit served discovery on Poulos regarding various allegations made in the Complaint. (Doc. 1). Pertinent to the present motion, Summit served contention interrogatories, numbered 2, 3, 5, and 6, seeking to discover the factual basis for the allegations set forth in paragraphs 2, 30, 50, and 73, respectively, of the Complaint (Doc. 1). The allegations underlying the discovery requests consisted of the following: fraud by Summit "has been ratified and overseen at the highest levels of Summit in South Dakota" (Doc. 1, at ¶ 2); Romic was aware that aged accounts receivable of non-Delta accounts that she collected with Delta money were not collectible (Id., at ¶ 30); Defendant Peterson was complicit in fraud committed by Romic (Id., at ¶ 50); and fraud was "sanctioned and encouraged by [Summit's] CEO and directors (Id., at ¶ 73).

In addition, Summit sought to discover the basis for Poulos' punitive damages claim with Interrogatory 7 and also requested production of documents supporting paragraphs 30 (Request for Production 1) and 32 (Request for Production 2) of the Complaint. Paragraph 32 alleges that "Romic told Poulos that she would arrive at Hyatt Place on September 9, 2008 and that she would then have Poulos use monies from the [Delta] overpayment to pay other overdue account receivables due Summit by that overpaying customer."

Poulos preserved objections to each of the Interrogatories at issue and argues that they

constitute impermissible contention interrogatories that essentially ask Poulos to perform Summit's case preparation for Summit in the format preferred by Summit. In response, Summit contends that its contention interrogatories are a limited and appropriate means of identifying the factual basis for Poulos' allegations, and that Poulos' responses were deficient.

## II. DISCUSSION

### A. Motion to Compel

The Court may issue an order compelling discovery upon a party's motion under Rule 37. Under Rule 37 and D.S.D. Civ. LR 37.1, Summit's counsel certified that she contacted Poulos prior to filing the instant motion to compel and attempted in good faith to resolve the parties' discovery disputes. Poulos does not dispute this. Thus, this Court finds that the requirements of Rule 37 and Local Rule 37.1 have been met with respect to the good faith effort to resolve the dispute prior to the filing of the motion.

Poulos provided Responses and Objections to Defendants' Interrogatories and Request for Production of Documents to Plaintiff (Second Set) (Doc. 59-1), which, in response to the Interrogatories at issue, contained approximately eight pages of specific factual assertions that specifically referenced and quoted from key documents. Several of the documents referenced were produced by Summit, and others were produced by Poulos.[2] Appended to its Responses and Objections, Poulos included a 17-page complaint letter sent to OSHA, which provided further factual overview and details responsive to Summit's discovery requests. In response to the document requests at issue, Poulos asserted that "[p]laintiff has previously produced all

---

[2]Poulos contends that additional supportive documents have been withheld by Summit and were the subject of two discovery motions in this case.

responsive documents in his possession, custody, or control." Summit contends that Poulos' responses to the discovery requests at issue were deficient for being vague, qualified answers referring generally to depositions, pleadings, prior discovery responses, and documents - without citing Bates numbers - previously produced by the parties.

In his brief in opposition to Summit's motion, Poulos argues that Summit, by seeking discovery beyond the responses and documents already provided, essentially asks Poulos to prepare Summit's trial notebook for it and compile documents in the form Summit requests. The Court finds that the discovery rules do not require Poulos to engage in such activities. Indeed, "interrogatories are not to be used in an oppressive manner. An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data. A litigant may not compel his adversary to go to work for him." Breeland v. Yale & Towne Mfg. Co., 26 F.R.D. 119, 120 (E.D.N.Y. 1960); see also Phillips v. City of New York, 230 F.R.D. 369, 370 (S.D.N.Y. 2005) (finding "no basis in law to support a determination that detailed disclosure of defendant's theory of their cross-claim in the form [the requesting party] requests by way of contention interrogatories is compelled by the Federal Rules or any applicable law."). Rather, Poulos' approximately 25 pages of factual assertions, details, and specific references to documents responsive to the discovery requests at issue were sufficient under the circumstances.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Compel (Doc. 57) is denied.

Dated this 1st of July, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE